Frances E. Middlesworth filed this action in mandamus seeking two distinct writs. The first writ is to compel the Industrial Commission of Ohio ("commission") to vacate its order denying her permanent total disability compensation and to compel the commission to conduct further proceedings. The second writ is to compel the commission to vacate its orders denying her change-of-occupation compensation under R.C. 4123.57(D) and to compel the commission to conduct further appropriate proceedings on her requests for such compensation.
In accord with Loc.R. 12(M), the case was referred to a magistrate of this court. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. The magistrate's decision includes a recommendation that we grant a writ as to the orders in regard to permanent total disability compensation but that we deny a writ in regard to the change-of-occupation compensation.
Counsel for Ms. Middlesworth has filed objections to the magistrate's decision as it pertains to the change-of-occupation compensation. Counsel for the commission and counsel for Ms. Middleworth's former employer, Regal Ware, Inc., have each filed objections to the magistrate's decision as it pertains to the permanent total disability compensation issues. The case is now before the court for a full, independent review.
Frances E. Middlesworth was employed by Regal Ware, Inc., ("Regal Ware") for over ten years. As a part of her occupational duties, she used to work with and around a sand-blasting machine. She stopped working for Regal Ware in January of 1990. Her workers' compensation claim has been recognized for "interstitial pulmonary fibrosis with apical lung disease." Stated in somewhat simpler terms, she had degeneration of the lung tissue especially at or near the top of her lungs.
When Ms. Middlesworth filed her application for permanent total disability compensation in 1996, she provided two medical reports which indicated that she was permanently and totally disabled. Another medical report concluded that she could not work near dusts or chemicals, but that she might be able to perform sedentary work.
In June of 1996, Ms. Middlesworth was examined by Stephen L. Demeter, M.D. Dr. Demeter used a spirometer to measure the air flow entering and leaving Ms. Middlesworth's lungs. He found "severe restrictions," while at the same time finding relatively well preserved air flow. He also noted, upon reviewing some x-rays which he viewed as being of poor quality, that he "did not detect any significant interstitial lung disease on any of these x-rays." He did not explain what he meant when he used the word "significant." He then concluded "at the present time I find no evidence to support the recognized claim of interstitial pulmonary fibrosis with bilateral apical lung disease." He also stated, "I find no reason why she cannot return to her former position of employment," but acknowledged that she had "diminished vital capacity." He did not discuss the impact of renewed exposure to dusts, teflon vapors and Silverstone vapors upon her when the exposure to these dusts and vapors had caused her recognized lung condition.
The commission relied on Dr. Demeter's report in finding that Ms. Middlesworth could return to her former job which involved using a sand blaster for Regal Ware, and/or working in areas which contained dusts and vapors. Therefore, she was found not to be entitled to permanent total disability compensation.
In March of 1997, Ms. Middlesworth applied for change-of-occupation compensation pursuant to R.C. 4123.57(D). Her application was accompanied by another medical report which indicated the evidence of "bi-apical fibrosis, restrictive lung disease."
A district hearing officer denied the application. A staff hearing officer agreed, at least in part because of the earlier finding by the commission that Ms. Middlesworth could return to her former position of employment.
Rather than pursue a mandamus action immediately, Ms. Middlesworth filed a second application for change-of-occupation compensation. She provided the results from a recently performed CT scan which showed the existence of plural thickening, pulmonary cysts, and parenchymal fibrosis and bronchiectasis. The report for the CT scan indicated that these conditions were secondary to previous inflammatory disease of the lungs.
The second application was denied because eleven months had elapsed between Dr. Demeter's recommendation of a CT scan and the CT scan being run. Further, the district hearing officer felt that the information should have been available for review during the first round of proceedings on change-of-occupation compensation.
After the filing of this mandamus action and review of the stipulated evidence, the magistrate appropriately found problems with Dr. Demeter's report, especially his apparent refusal to accept the allowed condition. For the reasons outlined in our discussion of Dr. Demeter's report, the report does not constitute "some evidence" that Ms. Middlesworth can return to her former employment. Further, the CT scan Dr. Demeter recommended provides the evidence of lung disease which he found lacking upon his examination of the poor quality x-rays. Dr. Demeter did recommend additional testing including the CT scan which should now be considered by the commission on all the issues to be considered.
The fact that Dr. Demeter's report could not be relied upon also affects the change-of-occupation proceedings.
Further, R.C. 4123.68 states:
 * * * A disease which meets the definition of an occupational disease is compensable pursuant to this chapter though it is not specifically listed in this section.
* * *
 All conditions, restrictions, limitations, and other provisions of this section, with reference to the payment of compensation or benefits on account of silicosis or coal miners' pneumoconiosis apply to the payment of compensation or benefits on account of any other occupational disease of the respiratory tract resulting from injurious exposures to dust.
Since Ms. Middleworth's lung problems were earlier recognized as having been contracted through her extended exposure to dusts while handling a sand blaster and working in dusts and vapors, she is legally entitled to consideration of her change-of-occupation compensation application. Whether she actually receives the compensation is a fact to be determined without consideration of the theory that she can simply return to her former job.
The magistrate, in her decision, found that change-of-occupation benefits are available for only three specifically listed occupational diseases: silicosis, asbestosis and coal miners' pneumoconiosis. We view the portion of R.C.4123.68 set forth above as expanding the number of covered diseases beyond the three diseases specifically listed in R.C.4123.68 to include other lung conditions caused by the inhaling of dusts and/or fumes in the work place. Ms. Middleworth's recognized condition of interstitial pulmonary fibrosis with apical lung disease was a recognized deterioration of her lung tissue caused by her working in and around dusts, teflon fumes and Silverstone fumes. Thus, her recognized condition is a disease which could qualify her for change-of-occupation compensation if the other prerequisites of the compensation are met. For these reasons, we reject the magistrate's conclusions of law in regard to change-of-occupation compensation.
As a result of the foregoing, we overrule the objections as to the issuance of a writ with regard to the permanent total disability compensation proceedings and sustain the objections as to the issuance of a writ with regard to the change-of-occupation proceedings. We adopt the findings of fact in the magistrate's decision. We also adopt the conclusions of law with respect to the permanent total disability proceedings. We, therefore, grant a writ of mandamus which compels the commission to vacate its order denying permanent total disability compensation for Ms. Middlesworth and which compels the commission to conduct further appropriate proceedings. We also grant a writ of mandamus which compels the commission to vacate its orders denying change-of-occupation compensation and which compels the commission to conduct further appropriate proceedings on that issue also.
Respondents' objections overruled; relator's objections sustained;and writs granted.
BRYANT, J., concurs.
DESHLER, J., concurs in part and dissents in part.